United States District Court
Southern District of Texas
**ENTERED**
March 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY WADE BROOKS II, SPN 02753347, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-816 |
| HARRIS COUNTY JAIL | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Gregory Wade Brooks (SPN 02753347) is an inmate in custody of the Harris County Jail. Plaintiff filed this civil action under 42 U.S.C. § 1983 alleging, among other things, that he the Jail is not providing a newspaper or promptly delivering the mail in violation of his First Amendment rights. Docket Entry No. 1-1 at 8-9. Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. Docket Entry No. 2. After reviewing the pleadings and relevant court records, the Court concludes that this case must be dismissed without prejudice under 28 U.S.C. §1915(g).

### I. Discussion

Under the "three strikes" provision in 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil

actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, unless he is in "imminent danger of serious physical injury." Id. Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. See Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

Plaintiff has filed numerous frivolous lawsuits and has accumulated several strikes while he has been incarcerated. See, e.g., Brooks v. Harris County Jail, Civ. No. H-18-1219 (S.D. Tex. Apr. 23, 2018) (dismissing with prejudice for failure to state a claim); Brooks v. Harris County Jail, Civ. No. H-18-1408 (S.D. Tex. May 7, 2018) (dismissing case with prejudice as malicious); Brooks v. Harris County Jail, Civ. No. H-18-2076 (S.D. Tex. July 16, 2018) (dismissing case with prejudice as malicious). Moreover, the pleadings in this case do not show that Plaintiff is under imminent danger of serious physical injury or that he fits within the exception found in 28 U.S.C. § 1915(g). Therefore, Plaintiff is barred from proceeding *in forma pauperis* in any civil rights case while incarcerated. Accordingly, this case must be dismissed without prejudice.

## II. ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED**; it is further

**ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g); it is

**ORDERED** that Plaintiff may move to reopen this case only if he pays the filing fee of $400.00 within thirty days of the date of this Order; and it is

**ORDERED** that any and all pending motions are **DENIED** as **MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 21st day of March, 2020.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE